# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW MITCHELL, AND ANDREW MITCHELL, Individually, <br><br> *Plaintiffs/Relator,* <br><br> v. <br><br> CIT BANK, N.A., d/b/a ONEWEST BANK, and CIT GROUP, INC., <br><br> *Defendants.* | § § § § § § § § § § § § § § Civil Action No. 4:14-CV-00833 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Rule 56(d) Motion to Defer the Court's Ruling on Defendant's Motion for Summary Judgment (Dkt. #192). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

The background of this lawsuit is more thoroughly set forth in the Court's Memorandum and Order on CIT's motion to dismiss. *See United States ex rel. Mitchell v. CIT Bank,* No. 4:14-CV-00833, 2020 WL 2126397, at *1–2 (E.D. Tex. May 5, 2020). Highly summarized, this case arises out of allegations made by Relator Andrew Mitchell ("Mitchell") that CIT Bank, N.A., d/b/a OneWest Bank and CIT Group, Inc. (collectively referred to as "CIT") violated the False Claims Act ("FCA") by submitting false claims to the government to obtain payment under three different government loan-modification programs. These three programs were Treasury's Home Affordable Modification Program ("HAMP"), the Department of Housing and Urban Development ("HUD")'s Federal Housing Administration ("FHA") mortgage insurance program, and the Department of Veteran Affairs ("VA")'s mortgage insurance program. Mitchell contends that CIT

1

certified to these agencies that it was in material compliance with relevant laws and regulations, while CIT knew it was not. Allegedly, these false certifications caused the government to make payments to CIT that it would not have otherwise made.

At this stage of the lawsuit, CIT has filed two motions for summary judgment (Dkt. #178; Dkt. #179). Relevant to this motion is CIT's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 ("CIT's motion for summary judgment"), in which CIT moves for summary judgment on multiple grounds (Dkt. #178). CIT first argues that Mitchell's claims as to the Treasury HAMP and FHA-HAMP allegations fail because Mitchell cannot meet the materiality and scienter requirements due to the government's actual knowledge of CIT's noncompliance (Dkt. #178 at p. 31–40). Second, CIT argues that Mitchell's claims as to the VA allegations fail because he has not provided any evidence of false certifications (Dkt. #178 at p. 41). The Court has not ruled on either of CIT's motions for summary judgment. Further, the parties are still conducting discovery as the discovery deadline has been extended to December 15, 2021.

On July 16, 2021, Mitchell filed Plaintiff's Rule 56(d) Motion to Defer the Court's Ruling on Defendant's Motion for Summary Judgment, currently before the Court (Dkt. #192). On August 10, 2021, CIT filed a response to Mitchell's motion (Dkt. #199). Mitchell then filed a reply (Dkt. #201), and CIT responded with a sur-reply (Dkt. #204).

## LEGAL STANDARD

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. PRO. 56(d).

Rule 56(d) "discovery motions are broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former FED. R. CIV. P. 56(f)).

"To succeed on a Rule 56(d) motion, . . . the party requesting discovery must provide an affidavit or declaration in support of the request that 'state[s] with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials w[ill] assist him in opposing summary judgment.'" *Whitener v. Pliva, Inc.*, 606 Fed. App'x 762, 765 (5th Cir. 2015) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993)). And the nonmovant must "present specific facts explaining his inability to make a substantive response . . . and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former FED. R. CIV. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the

pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). The Court may properly deny a Rule 56(d) motion where the movant has "not pursued discovery diligently enough to warrant relief under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (internal quotation marks omitted). Further, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom*, 197 F.3d at 720).

The Court may also properly deny a Rule 56(d) where "the party filing the Rule 56(d) motion has failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016); *accord Mendez v. Poitevent*, 823 F.3d 326, 337 (5th Cir. 2016) (affirming denial of Rule 56(d) motion where Plaintiffs "vaguely assert[ed] . . . that deposing the witnesses would have permitted [plaintiffs] to further discover the facts from the witnesses," and "did not demonstrate below how the additional discovery [would] likely create a genuine issue of material fact . . . "[i]nstead, the result of the discovery they sought was wholly speculative" (citations and internal quotation marks omitted)).

## ANALYSIS

Mitchell argues the Court should grant this motion because CIT has withheld key documents that are necessary for Mitchell to "mount a complete defense" to CIT's motion for summary judgment (Dkt. #192 at p. 8). Specifically, Mitchell contends that CIT has failed to produce four categories of documents that bear on Mitchell's response to CIT's summary judgment

4

motion: 1) CIT's certifications submitted through the VA Loan Electronic Reporting Interface ("VALERI"); 2) CIT's Service Participation Agreement ("SPA") with the VA; 3) complete versions of presentations that were made by CIT in response to government audits or inquiries, and 4) documents that were the subject of Mitchell's motion to compel (Dkt. #171) (Dkt. #192 at p. 2). In support of his motion, Mitchell submits a declaration of Hunter S. Palmer stating that CIT has not produced these documents (Dkt. #192, Palmer Declaration).

CIT contends that Mitchell has already conducted an adequate amount of discovery for purposes of defending a summary judgment motion (Dkt. #199 at p. 6). Specifically, CIT claims it has produced all relevant documents—in fact, more than 15 million (Dkt. #199 at p. 6). Further, CIT claims that it cannot produce documents that it does not have, and the remaining documents have been properly withheld as privileged (Dkt. #199 at pp. 4–5).

Mitchell timely requested that the Court defer considering or deny CIT's summary judgment motion pursuant to Rule 56(d) because the motion is ripe for review and the Court has not yet ruled on it. *See Enplanar, Inc.*, 11 F.3d at 1291. Thus, the primary issue before the Court is whether Mitchell has demonstrated with some precision the materials he hopes to obtain with further discovery, and exactly how those materials will assist in opposing summary judgment. *See Krim*, 989 F.2d at 1443. Here, Mitchell has met the not so high bar for obtaining Rule 56(d) relief. Mitchell identifies four specific categories of missing evidence and explains how they will influence the outcome of the pending summary judgment motion.

The first two categories of documents that Mitchell claims CIT has not produced and are needed to oppose CIT's motion for summary judgment are documents that relate to CIT's certifications to the VA. In its motion for summary judgment, CIT alleges Mitchell's claims as to the VA allegations fail because Mitchell has not provided any "evidence of purportedly false

5

certifications" (Dkt. #178 at p. 41). Mitchell contends that although there is sufficient evidence in the record to create a disputed issue of material fact regarding whether CIT made false certifications to the VA, CIT has improperly withheld the key documents that would "definitively prove this fact" (Dkt. #192 at p. 1). Specifically, Mitchell claims that CIT has withheld documents relating to its submissions to the VALERI portal and its SPA agreement with the VA (Dkt. #192 at 1). The Court will examine these in turn.

First, Palmer's declaration states that CIT has not produced any documents relating to its submissions to VALERI, the online portal for submitting VA loan information (Dkt. #192, Palmer Declaration). According to Mitchell, these submissions will influence summary judgment because they will show that CIT made false certifications to the VA (Dkt. #192 at p. 7). CIT claims that these documents cannot be adduced through additional discovery because they do not exist (Dkt. #199 at p. 10). More specifically, CIT argues that because the vast majority of information regarding loans was submitted automatically through its service bureau, Black Knight, CIT does not have a record of the submissions to VALERI other than the servicing system data which CIT already produced (Dkt. #199 at p. 10). But even putting aside whether CIT can obtain the information directly from Black Knight, Mitchell has raised a plausible basis that additional documents relating to CIT's submissions to VALERI probably exist and are susceptible of collection. As Mitchell argues and the VALERI VA Servicer Guide instructs, even when using a service bureau like Black Knight, servicers must make certain manual submissions (Dkt. #199, Exhibit 4; Dkt. #201 at p. 3). Accordingly, even if the "vast" majority of CIT's submissions to VALERI were made through Black Knight, it is very plausible that CIT made manual submissions as well.

Further, the Court finds that Mitchell has shown how these documents will influence the pending summary judgment motion. Mitchell contends that in order to process the manual submissions, CIT's VALERI administrator was required to make certain "certifications" (Dkt. #201 at p. 4). Thus, according to Mitchell, these documents likely constitute direct evidence that CIT made false certifications. CIT disputes Mitchell's characterization of the VALERI's administrator's actions. According to CIT, the administrator's actions in verifying certain information was not a certification by CIT, but rather an "acknowledgement that specific individuals (not the servicer) must 'read, sign, and fax' . . ." (Dkt. #199 at p. 11). The Court finds that resolving this factual determination at this stage is premature. Mitchell has set forth a plausible basis for believing that documents relating to CIT's submissions to VALERI probably exist and will influence the pending the summary judgment motion.

Second, Palmer's declaration states that CIT has not produced its SPA agreement associated with the VA loan program (Dkt. #192, Palmer Declaration). Again, CIT argues that the VA SPA cannot be produced because it never existed (Dkt. #199 at p. 8). Here, once more, the Court finds that Mitchell has set forth a plausible basis for believing the information sought exists. Mitchell has identified a particular document he seeks, and he has more than a vague assertion as to why it exists. *See Raby*, 600 F.3d at 561. Bill Glasgow, the employee in charge of CIT's loss mitigation programs, raised the possibility that CIT might have entered into a SPA agreement with the VA in his deposition (Dkt. #191, Exhibit 11 at 122:24–123:10). Whether CIT actually entered a separate SPA agreement with the VA or Mr. Glasgow was just confused remains undetermined, but Mitchell should have the opportunity to continue discovery to question other witnesses or seek alternative discovery methods to see if the document does in-fact exist. Further, Mitchell has shown that the SPA agreement will influence the outcome of the pending summary judgment

motion—he has explained that it will undoubtedly provide more information on whether CIT made false certifications to the VA (Dkt. #192 at p. 7). Accordingly, the Court finds it plausible that additional discovery may influence the outcome of Defendant's motion for summary judgment on this point.

The next two categories of documents that Mitchell claims CIT has withheld and are needed to oppose CIT's summary judgment motion relate to another ground in CIT's motion for summary judgment—the government's actual knowledge of CIT's noncompliance with HAMP (Dkt. #178 at p. 31–40). More specifically, CIT's motion for summary judgment argues that Mitchell's claims fail for a lack of materiality and scienter because of the government's alleged actual knowledge of CIT's noncompliance with HAMP (Dkt. #178 at p. 31–40). Mitchell identifies two groups of documents and argues they will influence the pending summary judgment motion because they contain additional information reflecting HUD's actual knowledge of CIT's noncompliance (Dkt. #192 at p. 7). Specifically, Palmer's declaration states that CIT has not produced a complete version of the presentation identified at lines 108:19-109:11 in Exhibit 1 and communications exchanged with third-party Navigant and the government (Dkt. #192, Palmer Declaration). Again, the Court will examine these in turn.

As mentioned, Mitchell claims CIT has not produced complete presentations it made in response to government audits or inquiries (Dkt. #192 at p. 2). More specifically, Palmer's declaration identifies one such presentation that he alleges CIT has not produced fully that CIT made to HUD in response to HUD audits (Dkt. #192, Palmer Declaration). CIT contends that it has conducted an extensive search for the "stolen" incomplete presentation and has been unable to locate it (Dkt. #199 at p. 12). The Court finds that Mitchell has set forth a plausible basis for believing that the complete presentation exists and is susceptible of collection. Mollie Schiffman,

a former CIT employee, testified at her deposition that she was sent the presentation in question and recognized it was part of a larger 50-page slide presentation given to HUD (Dkt. #201, Exhibit A). While Schiffman could not recall certain information about the presentation, that is understandable given she reviewed the presentation more than 11 years ago. Further, she recalled enough detail about the presentation itself and the circumstances surrounding the presentation that the Court finds there is a plausible basis that it exists. Moreover, Mitchell has indicated how these facts, if adduced, will influence the outcome of the pending summary judgment motion—the presentations "surely" include information reflecting HUD's actual knowledge of CIT's noncompliance with FHA-HAMP (Dkt. #192 at p. 7).

Mitchell's last category of documents that he argues are necessary to oppose CIT's motion for summary judgment were the subject of Mitchell's motion to compel (Dkt. #171; Dkt. #202). Specifically, in the motion to compel, Mitchell sought communications between CIT and Navigant, a third-party hired to perform an independent review of certain foreclosure actions undertaken by CIT, and communications between CIT and the government. Again, Mitchell claims these documents influence the outcome of the pending summary judgment motion because they are relevant to assessing the government's actual knowledge of CIT's noncompliance with HAMP (Dkt. #192 at p. 4). Since the filing of Mitchell's Rule 56(d) motion, the Court resolved some of the issues relating to these documents and found that Mitchell is entitled to some of them (Dkt. #212). Therefore, the Court finds that Mitchell has set forth a plausible basis for believing these documents are susceptible of collection and will influence the outcome of the pending summary judgment motion.

Finally, before the Court can grant relief for Mitchell, the Court must also determine whether Mitchell has diligently pursued discovery. *See McKay*, 751 F.3d at 700 ("If the requesting

party has not diligently pursued discovery, however, []he is not entitled to relief under Rule 56(d).") (internal quotation marks omitted). The Court finds that Mitchell has done so. As Mitchell notes, he has sought to resolve many of these issues at earlier points in this litigation (Dkt. #201 at p. 6). For example, on May 18 2021, in the deposition of Robert Binnie, Mitchell's counsel requested that CIT produce the complete presentation CIT made to HUD (Dkt. #201 at p. 6). Further, Mitchell has been diligent in seeking CIT's communications with Navigant. Additionally, the Defendants' Rule 30(b)(6) deposition has not been completed since the parties agreed to postpone completion until the Court resolved CIT's privilege claims over the Navigant and government communications (Dkt. #201 at p. 6). The Court only recently resolved some of these issues. For these reasons, the Court finds that Mitchell's actions indicate he has pursued discovery diligently enough to warrant relief under Rule 56(d).

In summary, the Court finds it plausible that additional discovery may influence the outcome of CIT's motion for summary judgment. Mitchell has identified four specific categories of documents CIT has not produced and explained how the information sought will influence the pending summary judgment motion. Further, the Rule 30(b)(6) deposition of CIT, which undoubtedly involves these same issues, has yet to be completed. Considering the circumstances and mindful that Rule 56(d) motions are "generally favored and should be liberally granted," *Beattie*, 254 F.3d at 606, the Court grants Mitchell's Rule 56(d) motion.

Further, as Rule 56(d) gives courts broad powers in granting relief to "issue any other appropriate order," the Court finds it necessary to address another matter. *See* FED. R. CIV. PRO. 56(d). For three out of the four of the categories of documents—the documents pertaining to CIT's VALERI certifications, documents relating to CIT's SPA agreement with the VA, and documents relating to the incomplete presentation Palmer identified in his declaration, CIT contends that these

documents do not exist. But the Court has found that Mitchell has set forth persuasive evidence that these documents, or at least some of them, do exist and are susceptible of collection. Accordingly, the Court orders CIT to produce the documents pertaining to this motion in its possession, custody, or control. If there are none, CIT must produce an affidavit stating that the documents in question or any other further responsive documents do not exist and that it has made a diligent search for all such responsive documents. CIT has until November 5, 2021 to do this. Nevertheless, since the last category of documents in Mitchell's motion concern the communications between CIT and Navigant, and the Court has ordered CIT to produce some of these documents since Mitchell filed this motion, the Court finds that granting Mitchell's Rule 56(d) motion is proper at this time.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Rule 56(d) Motion to Defer the Court's Ruling on Defendant's Motion for Summary Judgment (Dkt. #192) is hereby **GRANTED**.

It is further **ORDERED** that CIT shall have until **November 5, 2021** to produce the documents pertaining to this motion in its possession, custody, or control. If there are none, CIT must produce an affidavit stating that the documents in question or any other further responsive documents do not exist and that it has made a diligent search for all such responsive documents.

Ruling on CIT's motion for summary judgment is **DEFERRED** pending additional discovery. Mitchell will have until **November 30, 2021** to file a supplemental opposition to CIT's summary judgment motion.

**SIGNED this 25th day of October, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE