# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW MITCHELL, and ANDREW MITCHELL, Individually, § § § § *Plaintiffs/Relator,* § § v. § § CIT BANK, N.A., d/b/a ONEWEST BANK, and CIT GROUP, INC., § § § *Defendants.* § | Civil Action No. 4:14-CV-00833 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Exclude Proposed Expert Testimony of Nelson Lipshutz (Dkt. #218). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

The background of this lawsuit is more thoroughly set forth in the Court's Memorandum Opinion and Order on Defendants' motion for summary judgment (Dkt. #271). Highly summarized, this case arises out of allegations made by Relator Andrew Mitchell ("Mitchell") that One West Bank ("OWB")[1] violated the False Claims Act ("FCA") by submitting false claims to the Government to obtain payment under three different Government loan-modification programs. These three programs were Treasury's Home Affordable Modification Program ("HAMP"), the Department of Housing and Urban Development ("HUD")'s Federal Housing Administration ("FHA") mortgage insurance program ("FHA-HAMP"), and the Department of Veteran Affairs

---

[1] Unless otherwise specified, OWB refers collectively to Defendants' CIT Bank, N.A. (d/b/a OneWest Bank) and CIT Group Inc.

("VA")'s mortgage insurance program ("VA-HAMP"). Mitchell contends that OWB certified to these agencies that it was in material compliance with relevant laws and regulations, while OWB knew it was not. These false certifications allegedly caused the government to make payments to OWB that it would not have otherwise made.

On October 21, 2021, OWB filed the present motion, seeking to exclude Mitchell's expert, Dr. Nelson Lipshutz ("Dr. Lipshutz"), from testifying at trial (Dkt. #218). On November 4, 2021, Mitchell filed his response (Dkt. #225). On November 10, 2021, OWB filed its reply, (Dkt. #230), and on November 17, 2021, Mitchell filed his sur-reply (Dkt. #240).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific

testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

OWB seeks to exclude the testimony disclosed in Sections IV.E. and V.B. of Dr. Lipshutz's report because "the calculations supporting those opinions rely on unreliable opinions and inadmissible testimony from Mr. Locke" (Dkt. #218 at p. 6). Stated differently, OWB argues that "because [] Locke's opinions about [OWB]'s alleged noncompliance are inadmissible, so too are Dr. Lipshutz's derivative opinions" (Dkt. #218 at p. 5). Thus, OWB's argument that Dr. Lipshutz's

opinions should be excluded rises and falls on its argument that Locke's opinions should be excluded.

Accordingly, because the Court has found that Locke's opinions are reliable and admissible, the Court finds OWB's argument unconvincing. Indeed, OWB does not provide any independent basis for excluding Dr. Lipshutz's testimony and does not attack Dr. Lipshutz's methodology or conclusions. Thus, because the Court finds Locke's opinion to be reliable and OWB offers no other argument as to why Dr. Lipshutz's opinion should be excluded, the Court declines to exclude Dr. Lipshutz's opinion. *See Jones v. Harley-Davidson, Inc.*, No. 2-14-cv-694, 2016 WL 5242993, at *2 (E.D. Tex. Sept. 22, 2016) (finding expert's opinion to be admissible because the Court had previously ruled that another expert's opinion which the expert relied on was admissible as well); *see also Monsanto Co. v. David*, 516 F.3d 1009, 1015–16 (5th Cir. 2008) (finding that expert could rely upon a report prepared by someone else).

To be sure, "[a]n expert may rely on the reliable opinion of another expert in forming his own opinion." *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 166 (E.D. La. 2011) (quotations and citations omitted); *see also In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2016 WL 9560113, at *7 (N.D. Tex. Oct. 3, 2016) ("[A]n expert witness may properly rely on the reports and opinions of other experts as a basis for her expert opinion."). Indeed, the purpose of allowing experts to rely on another expert's opinions is because "an expert cannot be an expert in all fields, and it is reasonable to expect that experts will rely on the opinion of experts in other fields as background material for arriving at an opinion." *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Smith Tank & Steel, Inc.*, No. 3:11–CV–00830, 2014 WL 5794952, at *4 (M.D. La. Nov. 6, 2014). Thus, Lipshutz's reliance on Locke's non-compliance rates does not warrant the exclusion of his opinion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Exclude Proposed Expert Testimony of Nelson Lipshutz (Dkt. #218) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 26th day of April, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE